| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 1 of 14 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [12], DEFENDANTS' MOTION TO DROP DEFENDANT WELLS FARGO & CO. [15], AND DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [16]**

On November 18, 2016, Plaintiff Linda Moravec Varga, on behalf of herself and all persons similarly situated, filed a class action complaint ("Complaint") in Los Angeles County Superior Court against Wells Fargo Home Mortgage, Inc. Removal Notice, Ex. A [Doc. # 1-1.] On December 30, 2016, Wells Fargo Bank, N.A. ("Wells Fargo Bank"), removed the state court action to this Court, asserting that it had erroneously been sued as Wells Fargo Home Mortgage, Inc., and that jurisdiction was proper under the Class Action Fairness Act ("CAFA") in part because Wells Fargo Bank is a citizen of South Dakota and Plaintiff is a citizen of California. Removal Notice [Doc. # 1].

On January 30, 2017, Plaintiff filed a First Amended Complaint ("FAC"), which added Wells Fargo & Co. ("WF & Co.") as a new Defendant, and claimed that WF & Co. is a citizen of California. [Doc. # 11.]

On January 30, 2017, Plaintiff also filed a Motion to Remand the case to state court, arguing that CAFA's local controversy and home state controversy exceptions apply given WF & Co.'s joinder as a Defendant ("MTR").[1] [Doc. # 12.] On February 17, 2017, Defendants filed a Motion to Drop WF & Co. under Federal Rule of Civil Procedure 21 [Doc. # 15] and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("MTD") [Doc. # 16], along with a Request for Judicial Notice [Doc. # 16-2].

On August 1, 2017, the Court construed Defendants' Motion to Drop as a Motion to Strike WF & Co. from the FAC under 28 U.S.C. § 1447(e) ("MTS"), and requested that the

---

[1] Each of these exceptions requires the presence of at least one defendant who is a citizen of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)–(B) (2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 2 of 14 |

parties submit supplemental briefing on whether granting that motion would be appropriate under the statute. [Doc. # 28.]

All of these motions are now fully briefed. Having duly considered the parties' written submissions, the Court now renders its decision.

**I.
FACTUAL ALLEGATIONS**[2]

In July of 2003, Plaintiff secured a home loan in the amount of $733,000 from Wells Fargo Home Mortgage, Inc., which later merged into Defendant Wells Fargo Bank on May 8, 2004. FAC at ¶¶ 3, 26, Ex. 4. Plaintiff executed a Promissory Note and an Adjustable Rate Rider "to evidence an indebtedness . . . in the original principal amount of $733,000 . . . ." FAC at ¶ 26. Plaintiff also executed a Deed of Trust on the Subject Property to secure the loan. *Id.*

The Promissory Note states that Plaintiff will pay a fixed annual interest rate of 4.875% for ten years, beginning September 1, 2003. FAC, Ex. 4. Paragraph 4(A) of the Promissory Note states that Plaintiff's interest rate "will change on the first day of August, 2013, and the adjustable interest rate . . . may change on that day every 12th month thereafter." *Id.* That Paragraph also provides that "[t]he date on which [the] initial fixed interest rate changes to an adjustable rate, and each date on which [the] adjustable interest rate could change, is called a 'Change Date.'" Furthermore, Paragraph 4(E) of the Promissory Note provides that the "new interest rate will become effective on each Change Date." *Id.* Paragraph 4(F) of the Promissory Note states that Plaintiff will receive notice of changes to her interest rate ("Notice of Changes") "before the effective date of any change," which will include "the amount of [the] monthly payment, any information required by law . . . and also the title and telephone number of a person who will answer any question [Plaintiff] may have regarding the notice." FAC, Ex. 4. Plaintiff received Notices of Changes in 2013, 2014, and 2015, respectively, that each erroneously omitted the title and telephone number of a person who would answer any question Plaintiff had regarding the Notice of Changes. *See* FAC at ¶¶ 48–49.

Plaintiff received the 2015 Notice of Changes in or about June of that year, which stated that her interest rate would increase from 2.875% to 3.000%.[3] FAC at ¶ 37. Because this Notice

---
[2] As noted *infra* Part III, for the purpose of deciding Defendants' MTD, the Court accepts as true the FAC's factual allegations.
[3] Plaintiff apparently avers that only the 2015 Notice of Changes resulted in an increase in her interest payments. *See, e.g.*, FAC at ¶ 49 ("Plaintiff paid the increased monthly payments from September 1, 2015 and thereafter until the loan was paid in full.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 3 of 14 |

of Changes omitted the aforementioned title and telephone number information, Plaintiff alleges that the notice was "ineffective in increasing [her] monthly payment under the Wells Fargo mortgage loan" and that Defendants[4] were not entitled to the increased payments that they "demanded" and actually did "receive[] from Plaintiff[.]" *See id.* at ¶¶ 37–38. In addition, Plaintiff alleges that because she was not provided with a title and a telephone number to call, she "had no choice but to, and did, contact [Defendants] through the telephone number (866) 234-8271, provided in the box labeled 'Account Information' located in the top right corner of the Payment Increase Notice." *Id.* at ¶ 43. She further claims that, at an unspecified point in time, she "incurred costs and fees to refinance the . . . loan[] with a different lender, so as to avoid future (illegal) payment increases." *See* FAC at ¶ 49.

Defendants allegedly had "actual knowledge that [they] [were] not entitled to such increased payments" because they were aware that they failed to provide the title and telephone number of a person to contact, but continued to falsely represent to Plaintiff that they were entitled to the increased payments. *Id.* By requesting increased payments, Plaintiff contends that Defendants engaged in false and fraudulent representations and, as a result, were unjustly enriched. *Id.* at ¶ 41. Further, Plaintiff contends that because Defendants obtained "such monies unlawfully, under false pretenses and by fraud," it "constituted theft as well." *Id.* at ¶ 45.

On the basis of these allegations, Plaintiff seeks relief on the following six causes of action: (1) fraud; (2) treble damages under California Penal Code § 496; (3) negligent misrepresentation; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; and (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq. See* FAC at 25–44. Further, Plaintiff seeks to represent a class of Defendants' customers "who are citizens of the State of California, who had an Adjustable-Rate Mortgage . . . residential loan with [Defendants] that increased in interest rate or payments at least one time on or after January 1, 2012[,]" and who did not receive a notice that included the aforementioned title and telephone number information. *See* FAC at ¶ 50.

## II.
## PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO STRIKE

Since Plaintiff's MTR and Defendants' MTS concern the Court's jurisdiction over the instant case, the Court addresses these motions first.

---

[4] As discussed *infra* Part II.1, much of the FAC indiscriminately attributes purported misconduct to both Defendants Wells Fargo Bank and WF & Co.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 4 of 14 |

Title 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Under this provision, the decision whether to permit a plaintiff to join a non-diverse party is committed to a federal district court's sound discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When exercising that discretion, courts consider six factors:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)). Courts have construed § 1447(e) as authorizing district courts to utilize this six-factor test to determine whether to strike non-diverse parties who are added after removal. *See, e.g., San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No.16-CV-05061-LHK, 2016 WL 7242139, at *7, *13 (N.D. Cal. Dec. 15, 2016) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)).

**1.      Whether the Party Sought to Be Joined Is Needed for Just Adjudication**

Plaintiff contends that the FAC asserts "[s]ubstantive allegations against" WF & Co. such that its presence is required to secure complete relief. *See* Supp. Opp'n at 3–4. In particular, Plaintiff claims that Paragraphs 5 and 6 of the FAC "set out the Wells Fargo trademarks owned and controlled by [WF & Co.]," and that Paragraphs 13 and 14 "allege misleading misrepresentations as a factual predicate for the state causes of action that follow." *See id.* at 3. Plaintiff also argues that she cannot obtain complete relief without WF & Co.'s presence because she needs to obtain injunctive relief to "cur[e] misrepresentations in the use of its name[.]" *See id.* at 4. Additionally, Plaintiff contends that all of the causes of action in the FAC are alleged against both Wells Fargo Bank and WF & Co. *See id.* at 3–4.

The Court does not find Plaintiff's arguments to be persuasive. First, the FAC's allegations do not indicate that "there is a high degree of involvement by [W&F Co.] in the occurrences that gave rise to the plaintiff's cause of action." *McGrath*, 298 F.R.D. at 608.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 5 of 14 |

Although Plaintiff does vaguely claim that she relied on WF & Co.'s trademark "to inform her that she was entering into a contract with [WF & Co.][,]" *see* FAC at ¶ 13, this assertion is belied by the fact that she did not name WF & Co. as a Defendant until *after* this action was removed to federal court.[5]  *See* Compl. at ¶¶ 2–5 (naming only "Wells Fargo Home Mortgage, Inc." and "Does 1 through 25" as Defendants); *see also* MTR at 1 (suggesting that Plaintiff was not aware of WF & Co.'s identity until after Defendant Wells Fargo Bank had listed WF & Co. in a notice of interested parties).  Further, the only misrepresentations that Plaintiff specifically identifies in connection with her six causes of action or her class action allegations pertain to the omission of the title and telephone information from the Notices of Changes.  *See* FAC at ¶¶ 59h–i, 71, 87, 93, 108–15, 123, 135–37.  An order "prohibiting [Defendants] from continuing to violate [their] obligations under Par. 4(F) of the Promissory Note and Adjustable Rate Rider" is the only specific type of injunctive relief that is requested in the FAC.  *See id.* at 45.  Thus, even applying the generous assumption that Plaintiff's claims somehow concern WF & Co.'s ownership and/or licensing of its trademark, it is not the "gravamen" of the instant action.  *See McGrath*, 298 F.R.D. at 608 (focusing on "[t]he gravamen of Plaintiff's action").

Second, the fact that the FAC indiscriminately attributes purported misconduct to both Wells Fargo Bank and WF & Co. does not establish that the latter must remain a party for there to be a just adjudication of this action.  *See, e.g.*, FAC ¶ 7 (collectively referring to Defendants Wells Fargo Bank and WF & Co. as "WELLS FARGO"); *id.* at ¶ 27 ("WELLS FARGO is the servicer of an adjustable rate mortgage governed by the terms of the Loan Documents, all of which were executed by Plaintiff as borrower").  The FAC apparently acknowledges that the two Defendants had different roles, identifying WF & Co. as the owner of the "WELLS FARGO(R) box logo" and the "mark WELLS FARGO(R)[,]" *see id.* at ¶¶ 5, 20, and Wells Fargo Bank "as a provider of residential and mortgage loan servicing[.]"  *See id.* at ¶ 2; *see also* Compl. at ¶ 2 (averring that Wells Fargo Home Mortgage, Inc., whose successor-in-interest is Wells Fargo Bank, was Plaintiff's loan servicer "at all relevant times discussed [t]herein").  Yet, it appears that the FAC does not otherwise differentiate between Defendants because:  (1) Wells Fargo Bank is a wholly-owned subsidiary of WF & Co. such that the latter has "ownership and financial control" over the former, *see* FAC at ¶¶ 15–16; (2) Wells Fargo Bank constitutes much of WF & Co.'s consolidated assets, revenues, and net income, *see id.* at ¶ 17; and (3) the two Defendants share four corporate officers.[6]  *See id.* at ¶ 18.  Nevertheless, under the state law that

---

[5] Defendants assert that WF & Co. did not own the trademark that Wells Fargo Bank actually used in connection with its mortgage servicing.  *See, e.g.*, Reply re MTS at 10 (citing *inter alia*, Coffrey Decl. at ¶ 3).  Given the Court's disposition of Defendants' MTS, the Court need not resolve that factual issue or otherwise determine whether evidence outside the FAC may be considered when ruling on Defendants' MTS.

[6] The FAC also alleges in a conclusory fashion that WF & Co. "directs [Wells Fargo Bank's] daily affairs," and the two Defendants "had an interrelation of pertinent operations" and "centralized control of consumer lending[.]"  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 6 of 14 |

governs Plaintiff's claims, these allegations are not sufficient to justify imputing Wells Fargo Bank's actions to WF & Co. *Cf. Sonora Diamond Corp. v. Superior Court of Tuolumne Cty.*, 83 Cal. App. 4th 523, 538, 549 (2000) ("Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations. . . . [T]hat the directors and officers [of the parent and its subsidiary] were interlocking is insufficient to rebut the presumption that each common officer or director wore the appropriate 'hat' when making corporate and operational decisions for the respective entities."). Accordingly, this factor weighs in favor of striking WF & Co. from the FAC. *Cf. McGrath*, 298 F.R.D. at 608 (finding that this factor weighed against joining certain non-diverse employees of a defendant in part because the operative pleading "contain[ed] no allegations by the individual [d]efendants outside the scope of their employment").

## 2.     Statute of Limitations

In the MTS filed on February 17, 2017, Defendants allege that Plaintiff's claims for fraud are time-barred because she filed her original complaint on November 18, 2016. Plaintiff started receiving Notices of Changes in June 2013, and fraud claims are subject to a three-year statute of limitations.[7]  *See* MTS at 11 (citing, *inter alia*, Cal. Civ. Proc. Code § 338). Defendants do not contend that any other claim is time-barred.

In her supplemental opposition, Plaintiff chooses not to address the statute of limitations argument. *See* Suppl. Opp'n at 6 (emphasis added) ("Aside from its Statue [sic] of Limitations argument, *which plaintiff has not commented on*, defendants fail on all the 1447 (e) factors.").

Notwithstanding the parties' paltry briefing on this factor, the Court need not address it because other factors weigh in favor of striking WF & Co. from the FAC.

---

FAC at ¶¶ 15–16. Further, the FAC claims that the two Defendants utilized "shared branding[.]" *See id.* at ¶ 15. Nonetheless, Plaintiff's briefing does not even argue that these allegations establish that Wells Fargo Bank's actions may be imputed to WF & Co. under the alter ego doctrine or under any related theory. Rather, Plaintiff focuses primarily on the allegations discussed in the text accompanying this footnote, *see, e.g.*, Opp'n to MTS at 5, and also apparently contends that Wells Fargo Home Mortgage, Inc.'s merger with Wells Fargo Bank was a "sham" intended to provide a basis for removal. *See* Suppl. Opp'n at 2–3.

[7] Defendants raise the same argument in their MTD. *See* MTD 8–9. Nonetheless, the Court rejects that argument for the reasons discussed *infra* Part III.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 7 of 14 |

**3.    Timeliness**

Defendants initially state in their MTS that "Plaintiff has not unduly delayed in adding [WF & Co.] to the action." *See* MTS at 11. Plaintiff apparently relies on this statement in her supplemental opposition by quoting this admission and refraining from arguing the issue further. *See* Suppl. Opp'n at 4. Yet, for the first time in their supplemental reply, Defendants claim that Plaintiff's amendment was untimely for the purpose of this analysis because: (1) she filed it two and a half months after filing her original pleading and one month after removal, and (2) she did not explain why she could not have known before the amendment the basis of her claims against WF & Co. *See* Suppl. Reply at 7.

Because other factors weigh in favor of striking WF & Co., the Court need not further address this factor or the propriety of Defendants' raising an argument for the first time in its supplemental reply.

**4.    Whether Joinder Is Intended Solely to Defeat Federal Jurisdiction**

In determining whether a plaintiff intended to join a non-diverse defendant simply to defeat federal jurisdiction, courts weigh several considerations, including: (1) whether the plaintiff was aware of the removal at the time he or she filed the amended complaint, (2) whether the amendment's changes are minor or insignificant, and (3) whether the plaintiff provided an explanation for waiting to assert claims against a non-diverse defendant. *See San Jose Neurospine*, 2016 WL 7242139, at *10–11 (collecting cases).

Here, Plaintiff was aware of removal when she added WF & Co. as a Defendant, given that she filed the FAC approximately one month after Wells Fargo Bank filed the Removal Notice. Further, apart from the FAC's inclusion of the seemingly vacuous allegations against WF & Co., discussed *supra* Part II.1, and the deletion of a cause of action under California Civil Code § 1770, there appear to be no significant changes relating to WF & Co.'s purported liability for any wrongdoing.[8] *Compare* FAC at 1–46, *with* Compl. at 1–40. Lastly, Plaintiff has provided no explanation for failing to join WF & Co. before this action was removed to federal

---

[8] Plaintiff does not explicitly address this § 1447(e) factor in her briefing concerning the MTS. *See* Opp'n at 2–7; Suppl. Opp'n at 1–6. In Plaintiff's MTR, however, she claims that her amendments to the original complaint fall into two categories: "1) Plaintiff's substitution of DOE 1 for [WF & Co.]; and 2) Amendments to clarify jurisdictional issues." *See* MTR at 4. Further, Plaintiff attached to her opposition to Defendants' MTD a document that purports to show the differences between the original complaint and the FAC; this document confirms the Court's observations made in the text accompanying this footnote. *See* Opp'n re MTD at 4, Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 8 of 14 |

court. These considerations give rise to the inference that Plaintiff joined WF & Co. solely for the purpose of defeating the Court's jurisdiction.

**5.     Validity of the Claims Against the New Defendant**

For the same reasons that the first factor weighs in favor of striking WF & Co. from the FAC, this factor likewise supports that result. *See McGrath*, 298 F.R.D. at 608–09 (noting that the analysis of the first factor overlaps with the fifth factor). Specifically, the FAC's allegations against WF & Co. are weak because they either do not appear to support Plaintiff's causes of action or are entirely derivative of Wells Fargo Bank's purported misconduct.

**6.     Prejudice to Plaintiff**

Plaintiff asserts that if WF & Co. is stricken from the FAC, she will be unable to obtain "complete injunctive relief" presumably because she could not obtain a court order "curing the misrepresentations in the use of [Defendants'] name[.]" *See* Suppl. Opp'n at 4, 6. Nonetheless, the Court found in connection with the first factor that Plaintiff's causes of action focus primarily (if not exclusively) on the omission of the title and telephone information from the Notices of Changes, and not on WF & Co.'s ownership and licensing of the trademark. The procedural history also renders dubious Plaintiff's assertion that she relied upon any such trademark. Therefore, the Court concludes that Plaintiff would not be prejudiced if WF & Co. is no longer a party to this action.

In sum, the majority of the § 1447(e) factors weigh in favor of striking WF & Co. from the action, and the Court finds that there are no factors weighing against that outcome. Thus, the Court **GRANTS** Defendants' MTS and **STRIKES** the FAC's claims against WF & Co. Furthermore, because Plaintiff's MTR is predicated on the inclusion of WF & Co. as a Defendant in this matter, the Court also **DENIES** Plaintiff's MTR.

### III.  DEFENDANTS' MOTION TO DISMISS

**1.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a pleading need not contain "detailed factual allegations," it must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 9 of 14 |

contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The pleading must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under Rule 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a pleading, as discussed *supra*, courts generally must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**2.      Defendants' Request for Judicial Notice**

In support of their MTD, Defendants request judicial notice of two documents that they claim are Plaintiff's 2013 and 2014 Notices of Changes. *See* Req for Judicial Notice at 1–2, Exs. A–B. As the remainder of this Order indicates, the Court need not rely upon the two documents to resolve the MTD. Therefore, the Court **DENIES** Defendants' Request for Judicial Notice as moot.

**3.      Claims for Fraud and Negligent Misrepresentation**

Defendants contend that Plaintiff's claims for fraud and negligent misrepresentation fail because they are predicated on only Defendant Wells Fargo Bank's obligations under the Note. *See* MTD at 7–8. Under California law, "[a]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (quoting *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994)) (internal quotation marks omitted). *Erlich* listed several examples of contract cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | ***Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.*** | Page | 10 of 14 |

in which courts permitted plaintiffs to recover tort damages, and observed that "[i]n each of these cases, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to cause harm." *See id.* at 551–52 (collecting cases). *Elrich* further stated that "[c]ourts should be careful to apply tort remedies only when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be . . . to aid rather than discourage commerce." *See id.* at 554 (quoting *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 109 (1995) (Mosk, J., concurring and dissenting)).

Plaintiff contends that the misrepresentations in question were "separate and apart from the written provisions of her Note" and "came in the form of demanding and receiving increased payments from the Plaintiff as well as Plaintiff's conversations with Wells Fargo employees[.]" *See* Opp'n to MTD at 11. She also points out that the FAC alleges that the "unlawful, unfair, and fraudulent business practices of [Defendants] . . . presents a continuing threat to members of the public in that [Defendants] ha[ve] yet to disavow the conduct described [in the FAC]." *See id.* (quoting FAC at ¶ 131).

These allegations are not sufficient to demonstrate that Plaintiff can overcome California's bar on recovering in tort for the breach of a contractual obligation. Even though the misrepresentations in question were not in the Promissory Note itself, they pertain to Defendant Wells Fargo Bank's obligations under the Promissory Note to provide Plaintiff with a Notice of Changes. *See, e.g.*, FAC at ¶¶ 26–30, 42. Therefore, Plaintiff fails to demonstrate that "the duty that gives rise to tort liability is . . . completely independent of the contract . . . ." *See Erlich*, 21 Cal. 4th at 551–52. Further, Plaintiff's conclusory allegation of "unlawful, unfair, and fraudulent business practices" does not provide sufficient detail for the Court to conclude "that the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be . . . to aid rather than discourage commerce." *See id.* at 554. Thus, the Court **GRANTS** Defendants' MTD on Plaintiff's claims for fraud and negligent misrepresentation. Because it is not clear to the Court that the aforementioned deficiency cannot possibly be cured by the allegation of additional facts, Plaintiff shall be afforded leave to amend these claims.

Leave to amend might not be warranted had these claims been time-barred. Notwithstanding Defendants arguments to the contrary, MTD at 8–9, however, the Court cannot conclude at this juncture that these two claims are barred by the applicable statute of limitations. As Plaintiff points out in her opposition, the statute of limitations on these claims does not begin to run until *all* of the elements of the cause of action have transpired. *See* Opp'n to MTD at 11–13; *Remus Films, Ltd. v. William Morris Agency, Inc.*, 244 Cal. App. 2d 763, 768–69 (1966)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 11 of 14 |

(holding that the statute of limitations applicable to claims of fraud or mistake begins to run "when all of the elements of the cause of action come into existence"). Further, Defendants concede that each cause of action requires, *inter alia*, the existence of a misrepresentation that ultimately results in harm. *See* MTD at 10. Here, Plaintiff claims that "[i]n or about June 2015," she received a Notice of Changes that informed her of that her interest payments would be increased.[9] *See, e.g.*, FAC at ¶¶ 37–38, 112. Because this action was filed in state court on November 18, 2016, *see* Compl. at 1, the Court cannot conclude on this record that the applicable three-year statute of limitations bars Plaintiff's claims for fraud and negligent misrepresentation. *See* Cal. Civ. Proc. Code § 338(d) ("Within three years: . . . [a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.").

**4.     Claim for Treble Damages Under Cal. Penal Code § 496**

There are three essential elements of a violation of California Penal Code § 496(a): "1) The property must have been obtained by theft; 2) The defendant must have bought or received such property, or the defendant must have concealed or withheld such property from the owner; 3) The defendant must have known at the time he committed one of the acts specified above that the property had been obtained by theft." *People v. Wielograf*, 101 Cal. App. 3d 488, 493 n.1 (1980). Further, California Penal Code § 496(c) provides that "[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

Plaintiff's claim under California Penal Code § 496 is premised on her assertion that Defendant Wells Fargo Bank was not entitled to collect higher interest payments from her because the Notice of Change did not satisfy a "condition precedent"—*i.e.*, the inclusion of the requisite title and telephone information. *See, e.g.*, Opp'n at 14. Specifically, Plaintiff relies upon Paragraph 4(F), which provides in pertinent part that "[t]he Note Holder will deliver or mail to" Plaintiff a Notice of Change "before the *effective* date of any change." *See* FAC, Ex. 4 (emphasis added); FAC at ¶ 28 (relying upon this language). Paragraph 4(F) also provides that the Notice of Change "will include" *inter alia* "the title and telephone number of a person who will answer any question [Plaintiff] may have regarding the [Notice of Change]." *See* FAC, Ex. 4.

---

[9] Although Plaintiff also contends that the 2013 and 2014 Notices of Changes each failed to include the title and telephone information, she does not aver that those purported misrepresentations increased her interest payments. *See, e.g.*, FAC at ¶¶ 48–49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 12 of 14 |

On the other hand, Defendants essentially argue that delivery to Plaintiff of a compliant Notice of Change is merely an event that ought to occur before the Change Date, but is not a condition precedent to an effective increase in the interest rate. *See, e.g.*, MTD at 5. This interpretation is predicated upon Paragraph 4(A)'s definition of the "Change Date" as August 1, 2013 and every 12th month thereafter, and on Paragraph 4(E)'s provision that the "new interest rate *will become effective* on each Change Date." *See* MTD at 2–5, 14–18 (emphasis added); FAC, Ex. 4 (emphasis added).

Even assuming *arguendo* that Plaintiff's interpretation of the Promissory Note is the correct one, Defendant Wells Fargo Bank would not be liable for violating California Penal Code § 496 because Plaintiff does not show that this Defendant "must have known at the time [it] committed one of the acts [in question] that the property had been obtained by theft." *See Wielograf*, 101 Cal. App. 3d at 493 n.1. Wells Fargo Bank's construction of the Promissory Note, which would have entitled it to increase Plaintiff's interest payments, is at least plausible on its face. In fact, at least one decision arising from the analogous context of California's Homeowner Bill of Rights ("HBOR") lends support to that interpretation. *See Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 602–03 (E.D. Cal. 2017). In *Shupe,* the federal district court concluded that the plaintiffs did not adequately allege a cause of action for monetary and injunctive relief under HBOR arising out the defendants' failure to provide "a single point of contact . . . in relation to a request for a mortgage modification" because the plaintiffs had not shown that this violation of HBOR was "material"—*i.e.*, that it "affected their loan obligations or the modification process." *See id.* Such decisions support Defendant Wells Fargo Bank's belief that the mere failure to provide the title and telephone number information required by Paragraph 4(F) did not preclude it from increasing Plaintiff's interest rate. Therefore, Plaintiff fails to state a claim for relief under California Penal Code § 496.

5. **Claims for Breach of Contract, Breach of Covenant of Good Faith & Fair Dealing, and Violating the UCL**

Defendants advance several independent arguments to support their contention that Plaintiff's breach of contract claim should be dismissed, including (*inter alia*) the contention that she acquiesced in Defendant Wells Fargo Bank's interpretation of the contract by not objecting to the 2013 and 2014 Notices of Changes that omitted the title and telephone information. *See* MTD at 18–19 (citing, *inter alia*, FAC at ¶ 111 ("WELLS FARGO failed to provide the foregoing [information] to Plaintiff in any of the three Notices of Changes Plaintiff received in 2013, 2014, and 2015.")). Defendants further contend that Plaintiff's claims for breach of covenant of good faith & fair dealing and violating the UCL both fail as a matter of law. *See* MTD at 20–24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 13 of 14 |

Notwithstanding the fact that Defendants clearly identify each of these arguments with separate headings and/or subheadings in their MTD, *see id.* at 18–19, 20–24, Plaintiff's opposition does not address any of them. *See* Opp'n to MTD at 1–18. Therefore, the Court **GRANTS** Defendants' motion insofar as it seeks dismissal of Plaintiff's claims for breach of contract, breach of covenant of good faith & fair dealing, and violation of the UCL. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quoting *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *see also Preciado v. L.A. Unified Sch. Dist.*, No. 13-4466, 2014 WL 559372, at *2 (C.D. Cal. Feb. 12, 2014) (citing C.D. Cal. L.R. 7-12) (failure to oppose "may be deemed consent to the granting or denial of the motion").[10]

## III.
## CONCLUSION

In light of the foregoing, the Court issues the following rulings:

1. The Court **GRANTS** Defendants' MTS and **STRIKES** the FAC's claims against WF & Co.;

2. The Court **DENIES** Plaintiffs' MTR;

---

[10] Seven days before the date originally scheduled for the hearing on Defendants' MTD and seven days after Defendants filed their reply brief, Plaintiff filed objections to the Request for Judicial Notice, wherein she argued that the Court should disregard several of Defendants' arguments, including their contention that Plaintiff acquiesced to Defendant Wells Fargo Bank's interpretation of the Promissory Note. *See* Plaintiff's Objections to Req. for Judicial Notice at 5–6 [Doc. # 24]. These belated counter-arguments do not change the Court's conclusion that Plaintiff waived or abandoned any challenge to these aspects of Defendants' MTD. *See* C.D. Cal. L.R. 7-2 (emphasis added) ("Each opposing party shall[] . . . *not later than twenty-one (21) days before the date designated for the hearing of the motion* . . . serve upon all other parties and file with the Clerk . . . a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely . . . ."); C.D. Cal. L.R. 7-12 (emphasis added) ("The failure to file any required document, *or the failure to file it within the deadline*, may be deemed consent to the granting or denial of the motion . . . .").

Moreover, construing Plaintiff's opposition broadly, it does address whether the failure to adhere to the title and telephone number requirement was a "highly material breach of contract and a material non-compliance with a condition precedent." *See* Opp'n at 14. Nonetheless, Plaintiff does not respond to Defendants' other arguments concerning the appropriate interpretation of the Promissory Note, including their textual analysis of its provisions. *See* Opp'n at 1–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-9650-DMG (KSx)** | Date | September 12, 2017 |
|---|---|---|---|
| Title | *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.* | Page | 14 of 14 |

3. The Court **DENIES** Defendants' Request for Judicial Notice as **MOOT**;

4. The Court **GRANTS** Defendants' MTD as to all claims, with leave to amend;

5. By no later than 21 days from the date of this Order, Plaintiff shall file an amended complaint or notify Defendants that she does not intend to amend; and

6. Defendants shall file their response within 21 days from the date of service of an amended complaint.

**IT IS SO ORDERED.**